UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 19-08177-AB (Ex) | Date: | January 28, 2020 |
|---|---|---|---|

| Title: | *Ramin M. Roohipour, M.D., Inc., v. ILWU-PMA Welfare Plan et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order GRANTING Plaintiff's Motion for Remand (Dkt. No. 12), DENYING Plaintiff's Request for Attorney's Fees and Costs, and DISMISSING Defendant's Motion to Dismiss (Dkt. No. 14) as Moot**

Before the Court is Plaintiff Ramin M. Roohipour, M.D., Inc.'s ("Plaintiff" or "Dr. Roohipour") Motion for Remand. ("Motion," Dkt. No. 12). Defendant ILWU-PMA Welfare Plan ("Defendant") filed an opposition (Dkt. No. 15), and Plaintiff replied (Dkt. No. 19). For the reasons below, the Court **GRANTS** the Motion, **DENIES** Plaintiff's Request for Attorney's Fees and Costs, and **DISMISSES** Defendant's Motion to Dismiss as moot. (*See* Dkt. No. 14).

## I. BACKGROUND

This case follows a recent action by Plaintiff in which Plaintiff sought to recover payments from Defendant for treatments provided to six ILWU-PMA Welfare Plan ("Plan") participants. *Ramin M. Roohipour M.D., Inc., v. Zenith American Sols., Inc., et al.*, No. 2:18-CV-09621-AB (Ex), 2019 WL 4390569 (C.D. Cal. June 25, 2019) ("*Roohipour I*"). In *Roohipour I*, Plaintiff brought six claims

against Defendant under both the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and under state law for breach of contract, breach of the covenant of good faith and fair dealing, and violation of unfair competition law. There, Defendant argued that "even if Plaintiff was validly assigned the rights to ERISA benefits from Assignors, the Plan prohibits participants and beneficiaries from assigning benefits or interest under the Plan for any purpose." *Roohipour I*, 2019 WL 4390569, at *7. This Court agreed, and on June 25, 2019 dismissed Plaintiff's Complaint in *Roohipour I* with prejudice. *Id.* at *10. This Court held that Plaintiff lacked standing to sue under ERISA based on the Plan's anti-assignment clause, and that because his "state law claims are entirely dependent on the Plan," ERISA "preempts Plaintiff's state law claims." *Id.*

On July 17, 2019, Plaintiff filed the instant action against Defendant in the Superior Court of the State of California, County of Los Angeles (Case No. 19TRCV00605) for damages based on state-law claims alleging (1) breach of oral contract, (2) reasonable value of services (*quantum meruit*), and (3) promissory estoppel. (Complaint ("Compl."), Dkt. No. 1-1, Ex. A). Plaintiff maintains that he is an independent third-party healthcare provider seeking to recover on independent state-law claims arising from alleged independent contractual obligations between him and Defendant. (Motion at 8). Plaintiff alleges that these obligations were created when Defendant pre-authorized treatment and then agreed, but later failed, to pay Plaintiff at specific rates for specific services prior to performing them. (*Id.*). Thus, Plaintiff asserts that his state-law claims exist independently of any promise Defendant may have made to its plan members regarding coverage under the terms of the Plan. (*Id.* at 8–9).

On September 20, 2019, Defendant removed this case to federal court, pursuant to 28 U.S.C. sections 1331 and 1441. (Notice of Removal, Dkt. No. 1). Defendant contends that the Court has federal question jurisdiction over this case because the Complaint is completely preempted by Section 502 of ERISA. Specifically, Defendant asserts that "because Plaintiff makes a claim for benefits based on his alleged provision of medical services to Plan participants and/or beneficiaries . . . ERISA Section 502(a)(1)(B) provides the exclusive remedy for resolution of Plaintiff's claims for benefits under the terms of the Plan." (*Id.* at ¶ 12). Defendant advances this argument despite its position in *Roohipour I* that Plaintiff lacked standing to bring a claim under ERISA Section 502(a)(1)(B) ("ERISA § 502").

Plaintiff brings the instant Motion for Remand pursuant to 28 U.S.C. section 1447(c) on grounds that removal of this action was improper as a matter of law

because Defendant cannot satisfy the Supreme Court's two-prong *Davila* test to establish grounds for complete preemption removal under ERISA § 502. Accordingly, Plaintiff contends that because this Court lacks subject matter jurisdiction, specifically federal question jurisdiction, it must remand this case back to state court.

## II. LEGAL STANDARD

A defendant may remove a civil action from state court to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) ("A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally."). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," known as federal question jurisdiction. 28 U.S.C. § 1331.

A civil action arises under federal law "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Generally, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.3d 1384, 1386 (9th Cir. 1989). Thus, a civil action is typically only removable when the face of the "well-pleaded" complaint presents a federal question. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

However, "when a federal statute wholly displaces the state-law cause of action through complete pre-emption," as is the case with ERISA § 502(a), the well-pleaded complaint rule does not apply and the state law claim is removable because "'even if pleaded in terms of state laws, [it] is in reality based on federal law.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). In *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), the Supreme Court created the doctrine of complete preemption under ERISA §502(a) and explained that while "[f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit[,]" *id.* at 63, Congress had "clearly manifested an intent to make causes of action within the scope of the civil enforcement provision of § 502(a) removable to federal court[,]" *id.* at 66.

Federal courts are courts of limited jurisdiction and thus have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "Because of

the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)). Thus, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Transaction Co.,* 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). Any doubt as to the right of removal must be resolved in favor of remand to state court. *Gaus*, 980 F.2d at 566.

## III. DISCUSSION

Defendant has failed to satisfy its burden of establishing federal question jurisdiction because it has not shown that Plaintiff's case meets both prongs of the two-prong complete preemption test set forth in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). Accordingly, the Court finds that removal of this action was improper as a matter of law and remands for lack of subject matter jurisdiction.

### a. A State-Law Claim is Completely Preempted Under ERISA § 502 Only If Both Prongs of the Supreme Court's *Davila* Test are Met

"Complete preemption removal under ERISA is an exception to the otherwise applicable rule that a 'plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim.'" *Marin,* 581 F.3d at 945 (quoting *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d. Cir. 2004)). "The general rule is that a defense of federal preemption of a state-law claim, even conflict preemption under § 514(a) of ERISA, is an insufficient basis for original federal question jurisdiction under § 1331(a) and removal jurisdiction under § 1441(a)." *Id.* However, "claims that come within the scope of section 502 are subject to complete preemption and automatically removable to federal court." *Id.*

Thus, the Court lacks federal question jurisdiction over this case unless Plaintiff's state-law claims are completely preempted by ERISA § 502.

The Supreme Court's *Davila* opinion provides the test for complete preemption removal under ERISA. *See Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1109 (9th Cir. 2011) ("We apply the two-part *Davila* test to determine whether ERISA § 502(a) completely preempts the [Plaintiff's] state-law claims and confers federal jurisdiction.").[1] To determine whether an asserted state-law claim falls within the scope of ERISA § 502(a)(1)(B), courts apply the two-prong *Davila* test, which provides that a state law claim is completely preempted, and thus removable, if:

> (1) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and
>
> (2) "where there is no independent legal duty that is implicated by a defendant's actions."

*Davila*, 542 U.S. at 210. The Ninth Circuit has clarified that the *Davila* test is conjunctive, and thus, "[a] state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Marin*, 581 F.3d at 947.

Here, the Court finds that the first prong is not satisfied because Plaintiff could not have brought his state-law claims under ERISA § 502(a)(1)(B), so Plaintiff's claims are not subject to complete preemption. The Court need not reach the second prong.

---

[1] In *Davila*, *participants* in and *beneficiaries* of ERISA-regulated employee benefit plans (collectively, "plaintiffs") brought state law-based suits in state court in response to the plans' denial of coverage. *Davila*, 542 U.S. 204–05. The plans removed to federal court, arguing that claims "fit within the scope of, and were therefore completely pre-empted by, ERISA § 502(a)." *Id.* at 205. The district court agreed and denied the plaintiffs' motions for remand. The Fifth Circuit reversed on grounds that plaintiffs brought a state-law claim under tort theory, which it found fell outside the scope of ERISA § 502. The Supreme Court reversed and remanded, holding that the *participants' and beneficiaries'* state-law claims were completely preempted by ERISA and hence removable because they "can bring suit seeking provision of benefits" under the plans. *Id.* at 210.

### i. The first prong of the *Davila* test is not met because Plaintiff could not have brought his claims under ERISA § 502(a)(1)(B).

"The question under the first prong of *Davila* is whether a plaintiff seeking to assert a state-law claim 'at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B).'" *Marin*, 581 F.3d at 947 (quoting *Davila*, 542 U.S. at 210). This Court concludes that Plaintiff could not have done so, rendering removal improper here.

Defendant argues that "Plaintiff could have 'brought his claim under ERISA § 502(a)(1)(B)' as a claim for benefits." (Notice of Removal ¶ 14 (quoting *Davila*, 542 U.S. at 211); *see also* Opp'n at 14 ("Plaintiff's allegations . . . *are* claims that could have been brought under ERISA Section 502(a)(1)(B)). But as Defendant itself previously argued, and as the Court previously found in *Roohipour I*, Plaintiff could not have brought his claim under ERISA § 502(a)(1)(B) because he lacked standing to do so. Specifically, in *Roohipour I*, the Court found that Defendant's Plan is an ERISA-governed healthcare plan with an anti-assignment clause that precludes third-party healthcare providers, such as Plaintiff, from obtaining standing to bring claims under ERISA § 502(a)(1)(B). This section provides:

> A civil action may be brought—(1) by a *participant* or *beneficiary*—. . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

(emphasis added). The Court recognized that, under this section, "[o]nly participants or beneficiaries may sue to recover benefits, enforce their rights, or clarify rights to future benefits under their ERISA plan" and found that "Plaintiff is neither a participant nor a beneficiary in the Plan." *Roohipour I*, 2019 WL 4390569, at *6. Although the Court observed that "[a] health care provider may have derivative standing to pursue ERISA benefits if they were assigned the right to reimbursement by an ERISA plan beneficiary," *id.*, here the Plan's anti-assignment clause foreclosed Plaintiff from doing so. Accordingly, the Court found that "Plaintiff has no standing to sue Defendants regarding their payments," *id.* at *9, so *Davila*'s first prong cannot be met.

Consistent with the findings of several courts, this Court determines that, absent evidence of an assignment to establish complete preemption removal over a

third-party provider's state-law claims, Defendant cannot satisfy the first prong of the *Davila* test. Defendant has not provided any evidence of assignment and cannot do so, given its position that the Plan's anti-assignment clause foreclosed all possibility of assignment to Plaintiff.

The Court agrees with other courts in the Ninth Circuit that, when a party other than a plan participant or beneficiary attempts to sue under ERISA § 502(a)(1)(B),

> the Ninth Circuit's opinion in *Marin* makes it clear that the 'assignment' of Patient[] rights under ERISA to Plaintiff is a necessary element of the first prong of *Davila*. Defendant's failure to address the issue of 'assignment' is fatal to its argument, as the removing party bears the burden of proving the existence of jurisdictional facts.

*Lodi Mem. Hosp. Ass'n Inc. v. Am. Pac. Corp.*, No. 2:14-cv-01865 JAM DAD, 2014 WL 5473540, at *4 (E.D. Cal. Oct. 20, 2014); *see also Cmty. Hosp. of the Monterey Peninsula v. Wm. Michael Stemler, Inc.*, No. 13-CV-00655-LHK, 2013 WL 5312865, at *2–3 (N.D. Cal. Sept. 23, 2013) (finding hospital's claims unable to satisfy first prong of *Davila* because "Defendants concede that the patient had no rights under the plan to assign" and thus could not have brought suit in federal court under ERISA).

"Therefore, ERISA does not grant plaintiff—a third party medical provider—the power to enforce its own rights," unless "the provider is 'suing as an *assignee* of a beneficiary's rights to the *benefits* under an ERISA plan,'" which here Plaintiff is not here. *Doctors Med. Ctr. Modesto, Inc. v. Principal Mut. Life Ins. Co.*, No. 08-1496 WBS EFB, 2008 WL 4790534, at *3 (E.D. Cal. Aug. 2, 2008) (quoting *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999)). In making this finding, the *Doctors Medical Center* Court relied on a Third Circuit case, *Pascack Valley Hospital*, also relied upon by the Ninth Circuit in *Marin*, which explains why Defendants' anti-assignment clause is fatal to its complete preemption argument here:

> As the party seeking removal, the Plan bore the burden of proving that the Hospital's claim is an ERISA claim. [(citation omitted).] Accordingly, the Plan bore the burden of establishing the existence of an assignment. . . . Because the Plan has failed to demonstrate that the Hospital obtained an assignment . . . the Plan

> cannot demonstrate that the Hospital has standing to sue under § 502(a). As a result, the Hospital's state law claims could not have been brought under the scope of § 502(a) and are not completely pre-empted by ERISA.

388 F.3d at 401–02. Thus, since "ERISA does not preempt the state law claims of plaintiffs," like Plaintiff here, "without standing to challenge ERISA violations[,]" this Court lacks subject matter jurisdiction over Plaintiff's Complaint and must remand. *Fresno Cmty. Hosp. v. UFCW Employers Benefit Plan of N. Cal. Grp. Admin., L.L.C.*, No. 06- 1244, 2006 WL 3850734, at *13 (E.D. Cal. Dec. 19, 2006) (citations omitted).

The Court concludes that, absent standing, Plaintiff clearly could not "have brought his claim under ERISA § 502(a)(1)(B)," and Defendant cannot meet the first prong of the *Davila* test required for complete preemption removal. *Davila*, 542 U.S. at 210.[2]

---

[2] The Court is also unpersuaded by Defendant's argument that Plaintiff's suit is completely preempted because Plaintiff "merely seeks to recover Plan benefits allegedly owed on behalf of members and that are based solely on the terms and obligations of the Plan document itself." (Opp'n at 5). Defendant advances that (1) Plaintiff's "Complaint bases its allegations on the Plan's terms" (Opp'n at 20) (capitalization altered), and (2) Plaintiff's pre-litigation "appeal and demand letters all assert claims for benefits pursuant to the terms of the Plan" (Opp'n at 8–9). The Court disagrees. First, Plaintiff's Complaint explicitly does not seek recovery for claims on behalf of participants, and instead states that all asserted claims are brought by Plaintiff, or Medical Provider, in its "own individual capacity and are not derivative of the contractual or other rights of Medical Provider's Patients" through independent agreements. (Compl. ¶ 7). Second, the appeal and demand letters "do not form the basis of Plaintiff's claims for breach of oral contract, *quantum meruit*, or promissory estoppel," (Reply at 3) and as such, are "irrelevant to the present jurisdictional inquiry" (*Id.* at 4). Thus, while "the Court may consider evidence outside the pleading" when a motion to remand challenges the basis for federal jurisdiction, the Court **DENIES** Defendant's request to do so, finding no reason to judicially notice these letters in light of Defendant's failure to satisfy the first prong of *Davila*. *Lodi Mem. Hosp. Ass'n v. Tiger Lines, LLC*, No. 2:15–cv–00319–MCE–KJN, 2015 WL 5009093, at *5 (citing *Doctors Med. Ctr.*, 2008 WL 4790534 at *3).

> ii. **The Court judicially estops Defendant from arguing that Plaintiff could have brought its claims under ERISA § 502(a)(1)(B).**

Plaintiff asks the Court to apply the doctrine of judicial estoppel to bar Defendant from asserting that Plaintiff could have brought its claims under ERISA § 502(a)(1)(B) on grounds that Defendant previously argued the opposite, or that Plaintiff could not do so. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000); *see also New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The doctrine of judicial estoppel applies when three factors are met: (1) a party's later position must be "clearly inconsistent" with its earlier position; (2) the party must have "succeeded in persuading a court to accept that party's earlier position"; and (3) the party asserting the inconsistent position would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750–51 (internal citations and quotations omitted). The Court finds that all three factors are met here.

First, Defendant's present position (that Plaintiff could have brought his claim under ERISA § 502(a)(1)(B) as a claim for benefits) is "clearly inconsistent" with its prior one (that Plaintiff lacked standing to bring such a claim). Again, in *Roohipour I*, Plaintiff sued Defendant under ERISA—asserting claims separate from those here—on behalf of participants pursuant to assignment agreements. There, Defendant successfully argued that Plaintiff lacked standing to sue the Plan under ERISA section 502(a)(1)(B), asserting that "even if Plaintiff was validly assigned the rights to ERISA benefits from Assignors, *the Plan prohibits participants and beneficiaries from assigning benefits* or interest *under the Plan for any purpose*." *Id.* at *7 (emphasis added). This Court agreed and dismissed Plaintiff's claims with prejudice for lack of standing under ERISA, determining that any claims brought by Plaintiff under ERISA § 502(a)(1)(B) were "foreclosed by The Plan's Anti-Assignment Provision." *Id.* But now, Defendant abandons its standing argument from *Roohipour I*, and instead argues that removal is proper and this Court has jurisdiction because Plaintiff "could have 'brought his claim under ERISA § 502(a)(1)(B)' as a claim for benefits." (Notice of Removal ¶ 14 (quoting *Davila*, 542 U.S. at 211)). These two positions are clearly inconsistent, and Defendant cannot have it both ways.

Second, Defendant has succeeded "in persuading [this] court to accept [its] earlier position" that Plaintiff lacked standing to sue the Plan under ERISA §

502(a)(1)(B) based on the Plan's anti-assignment clause. *New Hampshire*, 532 U.S. at 750–51. Adopting Defendant's position, the Court stated in unequivocal terms: "Plaintiff lacks statutory standing under ERISA." *Roohipour I*, 2019 WL 4390569, at *10 (capitalization altered); *see also id.* ("Plaintiff has no standing to sue Defendants regarding their payments. Even with amendment, Plaintiff could not state a claim that the Plan's anti-assignment provision did not apply here. As such, Plaintiff's ERISA [claim] must be dismissed [because] Plaintiff lacks standing.")

Third, allowing Defendant to adopt its new and inconsistent position that Plaintiff can in fact sue under sue the Plan under ERISA § 502(a)(1)(B) would allow Defendant to "derive an unfair advantage or impose an unfair detriment" on Plaintiff, who would not otherwise be able to bring his state-law claims in state court. *Id.*

Thus, the Court concludes that Defendant's positions in *Roohipour I* and in this case are clearly inconsistent, and judicially estops Defendant from arguing that "Plaintiff could have 'brought his claim under ERISA § 502(a)(1)(B)' as a claim for benefits." (Notice of Removal ¶ 14 (quoting *Davila*, 542 U.S. at 211)). "'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, [it] may not thereafter, simply because [its] interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by [it].'" *New Hampshire*, 532 U.S. at 742–43 (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

### iii. The Court declines to award attorney's fees and costs because Defendant's removal was not objectively unreasonable.

Plaintiff has requested an award of attorney's fees and costs incurred in responding to Defendants' removal. If the district court determines that removal to federal court was improper, the Court may award the plaintiff "payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The decision to award such fees is within the district court's discretion and does not require a finding of bad faith removal because the purpose of such an award is not punitive, but rather to reimburse a plaintiff for wholly unnecessary litigation costs caused by defendant." *Lodi Mem. Hosp. Ass'n, Inc. v. Blue Cross of Cal.*, No. CIV. 12–1071 WBS GGH, 2012 WL 3638506, at *8 (E.D. Cal. Aug. 22, 2012).

In *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005), "[t]he Supreme Court settled the standard for awarding attorney's fees when remanding a case to state court[.]" *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). The Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal" and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

The Court finds that here Defendant's removal, while improper, was objectively reasonable, especially where the Court previously (in a related case) dismissed all of Plaintiff's claims—including state-law claims—with prejudice, finding them preempted by ERISA. *See Roohipour I*, 2019 WL 4390569 at *10. Further, "[t]he scope of ERISA preemption is broad, and may provide a basis for removal jurisdiction." *Hoeft v. Time Warner Cable, Inc.*, No. LA CV18-00293 JAK (MRWx), 2018 WL 2078814, at *9 (C.D. Cal. May 2, 2018) (denying award of attorney's fees after granting motion to remand because the *Davila* test was not met) (citing *Metropolitan Life Ins. Co.*, 481 U.S. at 66–67 and *Davila*, 542 U.S. at 214–16). Thus, because an objectively reasonable basis for seeking removal has been presented, the request for fees and expenses is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is **GRANTED**, the request for attorney's fees and costs is **DENIED,** and Defendant's Motion to Dismiss (Dkt. No. 14) is **DISMISSED** as moot. Defendant has not met its burden to establish federal question jurisdiction, and removal was improper as a matter of law. The Court therefore determines that it lacks subject matter jurisdiction over this action and **REMANDS** it to the state court from which it was removed, the Superior Court of the State of California, County of Los Angeles (Case No. 19TRCV00605).

**IT IS SO ORDERED**.